UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLEY EDWARDS                                                                        PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 3:17CV985-LG-RHW

HI-PHARMACEUTICALS INCORPORATION                                    DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On December 7, 2017, Plaintiff Charley Edwards, proceeding *pro se*, filed a complaint alleging that pills he was taking (Fastin), presumably manufactured by Defendant Hi-Pharmaceuticals Incorporation, caused vision problems. Doc. [1] at 4. He further alleges that the pills caused his heart to beat really fast and made him feel light headed. *Id.* On March 20, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* and advised Plaintiff of his responsibility to prepare summons to be served on the Defendant and to present the process to the clerk of court for issuance. Doc. [6]. The Court further advised Plaintiff that Rule 4(m), Fed.R.Civ.P., requires service of process within 90 days after the date of the order granting the Plaintiff leave to proceed IFP. The Court warned Plaintiff that a delay in service beyond the 90-day deadline could result in dismissal of this case.

The docket reflects that summons has not issued and service has not been executed. In fact, Plaintiff has taken no action to prosecute his lawsuit since January 5, 2018, when, at the Court's direction, he supplemented his motion to proceed *in forma pauperis*. On August 20, 2018, the Court issued an order directing Plaintiff to show cause in writing why his complaint should not be dismissed for failure to effect timely service of process. Doc. [7]. The Court set a response deadline of September 10, 2018. The Court cautioned Plaintiff that failure to respond to the show cause order would result in the dismissal of his lawsuit for failure to prosecute. Plaintiff's response is now overdue by more than a month. The undersigned concludes that

Plaintiff has abandoned his claims and, therefore, recommends that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 11th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE